IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| IDEX CORPORATION, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Gregorio Reyes ("Mr. Reyes"). As alleged with greater particularity below, Defendant IDEX Corporation ("IDEX") violated the ADA, as amended, when it terminated the employment of Mr. Reyes because of his disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

**PARTIES**

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant IDEX, a Delaware corporation with its headquarters in Lake Forest, Illinois, has continuously been doing business in the State of Florida and has continuously had at least 15 employees. IDEX has locations in Florida in the cities of Longwood, Ocala, and Punta Gorda.

5. At all relevant times, IDEX has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6. At all relevant times, IDEX has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEEDINGS**

7. More than thirty days prior to the institution of this lawsuit, Mr. Reyes filed an administrative charge of discrimination with the Commission alleging violations of the ADA, as amended, by Defendant.

8. The Commission conducted an investigation of the charge and, on or about December 17, 2014, issued to Defendant a Letter of Determination finding reasonable cause to believe that Mr. Reyes was discriminatorily discharged by IDEX because of disability, in violation of the ADA. Efforts to conciliate were unsuccessful.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

10. IDEX designs and manufactures fluidics systems and specialty engineered products that are marketed and sold throughout the world.

11. Chris Clarke ("Mr. Clarke") was the Director of the Latin America Commercial Operations division of IDEX.

12. Mr. Clarke hired Charging Party Gregorio Reyes in the Latin America Commercial Operations ("LACO") division of IDEX on or around October 1, 2007 as the Regional Manager of the Caribbean.

13. In 2009, IDEX increased the territory for which Mr. Reyes was responsible by making him Regional Manager of the Caribbean and Eastern Mexico.

14. Mr. Clarke was Mr. Reyes's supervisor.

15. Mr. Reyes successfully performed his duties at all times relevant to this complaint.

16. At all times relevant to this complaint, Mr. Reyes worked out of his home office located in Miami, Florida.

17. In or around November 2010, Mr. Reyes was diagnosed with colon cancer.

18. Mr. Reyes took sick leave from approximately November 11, 2010 until around December 2010.

19. On or around November 15, 2010 Mr. Reyes underwent colon surgery.

20. Following the surgery, Mr. Reyes advised Mr. Clarke that he had been diagnosed with cancer.

21. Mr. Reyes explained to Mr. Clarke that he would be undergoing chemotherapy treatments approximately once every two weeks for a period of about six months and that he would not be able to work on days on which he received chemotherapy.

22. Mr. Reyes also expressed to Mr. Clarke that he could not travel during the period that he would be undergoing chemotherapy, but that he wanted to continue to work from his home office.

23. Mr. Clarke agreed with and approved Mr. Reyes's request for accommodation.

24. Mr. Reyes returned to work in or around January 2011.

25. Mr. Clarke separated from IDEX in or around January 2011.

26. Prior to his separation, Mr. Clarke advised John Boland, Mr. Clarke's direct supervisor and Vice President of Strategy & Business Development for the Fluid & Metering Technologies Segment, that:

   a. Gregorio Reyes was the person who was best suited to replace him based on Mr. Reyes's experience and product knowledge; and

      b. Mr. Reyes had cancer.

27. Mr. Clarke was replaced by Raul Aguilar ("Mr. Aguilar") as Director of Latin America Commercial Operations, and Mr. Aguilar became Charging Party's direct supervisor.

28. On or around January 21, 2011, Mr. Reyes began chemotherapy.

29. Mr. Reyes underwent chemotherapy treatments from about January 21, 2011 until around July 2011.

30. During the period that Mr. Reyes was undergoing chemotherapy, he continued to work for IDEX from his home office.

31. During the period that Mr. Reyes was undergoing chemotherapy, he continued to perform successfully and his sales numbers remained within IDEX's plan for projected annual sales for his region.

32. During the period that Mr. Reyes was undergoing chemotherapy, Mr. Reyes's supervisors asked him direct questions about the nature and severity of his cancer and treatment including, but not limited to:

      a. Mr. Aguilar asked Mr. Reyes about his blood cell count, the names of the medications and procedures that were being used for his chemotherapy, and the time it would take for a full recovery. In response, Mr. Reyes permitted Mr. Aguilar to contact his doctor about his condition and also offered to provide a letter from his doctor.

      b. On April 6, 2011, Mr. Reyes received an email from John Boland asking if his cancer was non-small cell, Stage II. Mr. Reyes responded that he had

Stage III N cancer. At the time, John Boland was supervisor to Mr. Reyes and Mr. Aguilar. Mr. Reyes permitted Mr. Boland to contact his doctor for further clarification of his condition.

33. Approximately two weeks later, on April 20, 2011, Mr. Aguilar sent an email to Mr. Reyes indicating that Mr. Reyes's territory in Mexico would be transferred to a Regional Manager located in Mexico in the future.

34. In or around May 2011, Mr. Reyes was briefly hospitalized due to complications surrounding his cancer. Mr. Reyes notified Mr. Aguilar and Mr. Boland of his condition and reiterated that his condition prevented him from travelling temporarily.

35. Mr. Reyes, who was cleared to travel by his doctor in or around August 2011, resumed travel for work and took several business trips between August 2011 and November 2011.

36. Notwithstanding this travel, Mr. Aguilar questioned Mr. Reyes's ability to travel because he had cancer.

37. On December 8, 2011, Mr. Reyes was terminated by IDEX at a meeting held in Miami, Florida. The meeting was attended by Mr. Aguilar and Scott Cameron, an employee in IDEX's Human Resources department in Punta Gorda, Florida.

38. At the December 8, 2011 termination meeting, Mr. Aguilar explained to Mr. Reyes that his position was eliminated.

39. Mr. Reyes responded that he believed his termination was discriminatory.

40. At the time of his termination, Mr. Reyes had been performing the duties of his position successfully, including any duties related to travel.

41. Following his termination, in or around mid-January 2012, Mr. Reyes met with Terrence Collins, Vice President of Human Resources, to discuss the terms of a possible severance agreement.

42. Mr. Collins told Mr. Reyes at that time that he understood that Mr. Reyes was not interested in working and living in Mexico.

43. Mr. Reyes expressed to Mr. Collins his desire, interest in, and willingness to relocate to Mexico. Nevertheless, Mr. Reyes was not rehired, was never presented an opportunity to relocate, and was never considered for the Mexico-based Regional Manager position.

44. Mr. Reyes was terminated and deprived of an opportunity to continue to work for the company because of his disability.

45. As a result of IDEX's unlawful employment practices, Mr. Reyes suffered damages.

### STATEMENT OF CLAIMS

46. Paragraphs 1 through 45 are incorporated herein.

47. IDEX violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a), as amended by the ADA, by discharging Gregorio Reyes on the basis of a disability.

48. The effect of the practices complained of in paragraphs 10 through 45 above has been to deprive Mr. Reyes, a disabled employee, of equal employment opportunities and otherwise to adversely affect his status as an employee because of his disability.

49. The unlawful employment practices complained of in paragraphs 10 to 45 were intentional.

50. The unlawful employment practices complained of in paragraphs 10 to 45 were done with malice and/or reckless indifference to the federally protected rights of Mr. Reyes.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

51. Grant a permanent injunction enjoining Defendant IDEX, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices that discriminate against a qualified individual on the basis of his or her disability in regard to the terms and conditions of employment;

52. Order Defendant IDEX to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

53. Order Defendant IDEX to make whole Mr. Reyes by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement of Mr. Reyes or front pay in lieu thereof;

54. Order Defendant IDEX to make whole Mr. Reyes by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 10 to 45 above, in amounts to be determined at trial;

55. Order Defendant IDEX to pay Mr. Reyes punitive damages for its malicious and reckless conduct, as described in paragraphs 10 to 45 above, in amounts to be determined at trial;

56. Grant such other further relief as the Court deems necessary and proper in the public interest; and

57. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: July 27, 2015

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel
    JAMES L. LEE
    Deputy General Counsel
    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    U.S. Equal Employment
    Opportunity Commission
    131 M Street, N.E.
    Washington, D.C.  20507

    ROBERT E. WEISBERG
    Regional Attorney
    Florida Bar No. 285676

    KIMBERLY A. CRUZ
    Supervisory Trial Attorney
    Florida Bar No. 153729

    s/Samantha Williams
    SAMANTHA WILLIAMS
    TRIAL COUNSEL

        Trial Attorney
Florida Bar No. 0107117

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Telephone:  305-808-1771
Facsimile:   305-808-1835
Email:  samantha.williams@eeoc.gov